```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

```
   DANIELLE RIEU,
                                        1:19-cv-18390-NLH-KMW
             Plaintiff,

        v.                              OPINION

   RVT WRANGLEBORO CONSUMER
   SQUARE, LLC, et al.,

             Defendants.
```

**APPEARANCES**:

JEFFREY M. SHEPPARD
PO BOX 169
HAMMONTON, NJ 08037

*Attorney for Plaintiff.*

CHRISTOPHER J. O'CONNELL
SWEENEY & SHEEHAN, PC
SENTRY OFFICE PLAZA
216 HADDON AVENUE
SUITE 500
WESTMONT, NJ 08108

*Attorney for Defendants.*

JOHN V. PETRYCKI
MAYFIELD, TURNER, O'MARA, DONNELLY & MCBRIDE, PC
2201 ROUTE 38
SUITE 300
CHERRY HILL, NJ 08002

*Attorney for Defendant Target.*

**HILLMAN, District Judge**

   This personal injury action concerns injuries allegedly

suffered by Plaintiff Danielle Rieu while on Defendants'

property.  Defendant SITE Centers has moved for dismissal of the complaint due to Plaintiff's failure to comply with discovery orders.  (ECF No. 20).  For the reasons expressed below, Defendant's motion will be granted, and the Complaint will be dismissed with prejudice.

## BACKGROUND

Plaintiff alleges that on September 5, 2017, she suffered an injury on Defendants' premises due to the "defective condition" of the property.  She alleges that, because of this event and her injuries, she has become disabled, has been required to spend sums of money on medical treatment, and has been "unable to engage in her usual and customary daily vocation and activities."  (ECF No. 1-1 at ¶¶ 1, 3).

On August 26, 2019, Plaintiff filed the present action in the New Jersey Superior Court for Atlantic County.  Defendant Target removed the action to this court under diversity jurisdiction, (ECF No. 1), and filed an Answer to the Complaint on September 30, 2019.  (ECF No. 5).  On October 31, 2019, Magistrate Judge Karen M. Williams entered a Scheduling Order, which ordered that all pre-trial discovery would be completed by July 31, 2020, and set a Status Conference for March 23, 2020.  (ECF No. 10).  During this time frame, the parties had begun discovery.

Defendants filed a Motion to Compel discovery on December 26, 2019. (ECF No. 11). According to Defendants' motion, they had propounded interrogatories to Plaintiff on September 16. Id. at 1. While Plaintiff provided answers to the interrogatories on November 18, her answers were not certified as required by Federal Rule of Civil Procedure 33(b)(5). Id. On December 10, counsel for Defendants contacted Plaintiff's counsel requesting Plaintiff's certification, in response to which Plaintiff's counsel requested ten days to provide the certification. Id. at 1-2. When Plaintiff's certification was not produced at the end of those ten days, Defendants filed their motion to compel.

The Court denied Defendants' motion to compel without prejudice the following day, December 27, holding that the motion did not comply with Local Rule 37.1. (ECF No. 12). Almost two months later, on February 18, 2020, Defendants' counsel filed a letter to Judge Williams, in which he explained that, despite multiple additional requests, Plaintiff had still not provided her certified interrogatory response, and requested the Court hold a teleconference to resolve the issue. (ECF No. 13). A teleconference was scheduled for March 3, and following the conference, Judge Williams entered another Scheduling Order, which ordered Plaintiff to "provide certified responses to Defendants' written discovery requests by March 20, 2020" and

3

reiterated that the previously set schedule for completion of pre-trial discovery remained in place. (ECF No. 18). The Order further warned Plaintiff that "[f]ailure to do so shall result in the Court granting leave for Defendants to file any appropriate motion," and that "the failure of a party or attorney to obey this Order may result in imposition of sanctions under Fed. R. Civ. P. 16(f)." Id.

Defendant states that it informed the Court in the previously scheduled March 23 status call that Plaintiff had not provided certified responses by the deadline set in the Court's Order; that same day, the Court entered an Order directing that Defendant SITE Centers "shall file its Motion addressing plaintiff's failure to respond to discovery." (ECF No. 19). Two days later, on March 25, SITE Centers filed the present motion to dismiss. (ECF No. 20). As of this date, almost seven months later, Plaintiff has failed to oppose or respond to the motion in any way.

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as complete diversity exists amongst the parties and the amount in controversy exceeds $75,000.

4

## II. Analysis

Defendant moves to dismiss the complaint due to Plaintiff's failure to provide certified responses to written discovery requests, which violates a court Order.  Plaintiff, for her part, has not opposed the motion or responded in any way.  While the Court understands that dismissal of an action for violations such as these is a drastic remedy, it finds that it is appropriate here and will grant Defendant's motion.

Although Defendant cites to the non-existent "Fed. R. Civ. P. 33(a)(3)(b)(v)" in support of its motion, its central argument is that Plaintiff's claims should be dismissed due to her failure to comply with the Court's Order directing her to provide certified discovery responses.  Rule 16(f), about which Judge Williams explicitly warned Plaintiff, provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  One of those provisions, Rule 37(b)(2)(a)(v), explicitly permits a court to dismiss an action as sanction for a party's failure to obey a discovery order.  Similarly, Rule 41(b) permits motions to dismiss when a "plaintiff fails to prosecute or to comply with these rules or a court order."

To determine whether dismissal is an appropriate sanction for a party's failure to properly prosecute its case,

5

participate in discovery, and obey court orders, district courts balance the six factors described by the Third Circuit in <u>Poulis v. State Farm Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984).  Those factors are:

> (1) the extent of a party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id</u>. at 868.

In considering the first factor, the Court notes that Plaintiff is represented by counsel.  No facts before the Court provide any reason to find that Plaintiff is personally responsible for the failure of counsel to provide certified discovery responses or to oppose the present motion.  However, as the Third Circuit has stated, a plaintiff's "lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel."  <u>Id</u>. (citing <u>Link v. Wabash Railroad</u>, 370 U.S. 626, 633 (1962)).

Under the second factor, the prejudice to Defendant here is clear.  Defendant has been attempting to obtain certified interrogatory responses, which it needs to defend itself in this action, for over a year, and has had this litigation looming in

6

the background despite multiple court ordered discovery deadlines having passed with no action by Plaintiff and a lack of any further action by Plaintiff to prosecute her claims. The Court finds that this is sufficient prejudice to weigh in favor of dismissal.

Third, Plaintiff has demonstrated a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Capogrosso v. State Farm Ins. Co., No. 08-CV-2229 (DMC-JAD), 2010 WL 3404974, at *17-18 (D.N.J. Aug. 26, 2010). Despite having requested ten days to provide the certified responses on December 10, 2019, and having been ordered to do so by the Court by March 20, 2020, Plaintiff has still yet to provide the certified responses to this day. Similarly, despite the deadline to oppose the present motion to dismiss having passed over six months ago, Plaintiff has never filed any opposition or response. Accordingly, this factor also weighs in favor of dismissal.

The fourth Polis factor looks to whether the Plaintiff's conduct was willful or in bad faith. Although failure to move quickly during discovery may not always serve to demonstrate bad faith, "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court,

7

'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520 (JEI/AMD), 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (quoting Martino v. Solaris Health Systems Corp., No. 04-6324(SRC), 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).

Plaintiff here has clearly failed to obey the March 5, 2020 Scheduling Order requiring her to provide certified discovery responses by March 20. Importantly, that Order explicitly warned Plaintiff that failure to comply could result both in the Court directing Defendants to file relevant motions and in potential sanctions under Rule 16(f), which provides for dismissal of the action. Further, by failing to provide these responses to this day, she has also violated Judge Williams' October 31, 2019 Scheduling Order requiring all pre-trial discovery to be completed by July 31, 2020 — which contained the exact same warning regarding potential sanctions under Rule 16(f) as the March 5 Order. The Court finds this pattern of behavior sufficient to demonstrate willfulness or bad faith.

With respect to the fifth factor provided in Poulis, the Court finds that alternative sanctions would not be effective. Plaintiff has failed to provide the certified discovery responses for almost a full year, despite repeated requests by counsel and a court Order requiring her to do so and warning her

8

of the potential consequences. This failure, combined with her additional failure to oppose the present motion to dismiss, demonstrates a lack of intent to continue prosecuting this action and a lack of concern regarding the potential dismissal of the Complaint.

Finally, Poulis requires that the Court assess the meritoriousness of Plaintiff's claims. Under Poulis, "a claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff." Poulis, 747 F.2d at 869-70. Simply put, Plaintiff's Complaint includes almost no specific factual allegations whatsoever. It only states, in the most general terms possible, that Plaintiff suffered an injury on Defendant's property due to "the defective condition" of the property. The Complaint does not include any allegations regarding the central events, including how she suffered the injury, what was defective about the condition of the property, or what injuries she allegedly suffered. Although Defendant has not raised any arguments regarding a failure to state a claim, the Court finds that Plaintiff has entirely failed to allege facts sufficient to support recovery at trial. While the Court finds that this factor weighs in favor of dismissal, it notes that, even under the most generous reading of the Complaint, it is at best neutral.

Therefore, the Court has found that five of the six Poulis factors weigh in favor of dismissal of the action.  Given the balance of these factors, Plaintiff's failure to oppose this motion to dismiss, and the repeated warnings by Judge Williams of the potential consequences of not obeying court orders, the Court finds that dismissal of the Complaint is appropriate here.

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss (ECF No. 20) will be granted, and Plaintiff's Complaint will be dismissed with prejudice.

An appropriate Order will be entered.


Date:  October 20, 2020             /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.